```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        LAREDO DIVISION
```

|  |  |  |
|---|---|---|
| EMMA ARACELI VELASQUEZ, | § | |
|     Plaintiff | § | |
|  | § | |
| vs. | § | Civ. No. 5:13-CV-196 |
|  | § | |
| WELLS FARGO BANK, N.A., | § | |
|     Defendant | § | |

## MEMORANDUM OPINION

Pending before the Court is Defendant Wells Fargo Bank's "Motion to Dismiss with Prejudice Pursuant to Fed. R. Civ. P. 12(b)(6) and Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56[,]" filed on December 18, 2013. (Dkt. 4.) Defendant removed this foreclosure case from the 341st Judicial District Court of Webb County on November 20, 2013. Prior to removal, the state court granted Plaintiff a temporary restraining order to prevent Defendant from evicting Plaintiff from the Property, which Defendant purchased at the foreclosure sale. (Dkt. 1-3.)

Although Plaintiff's Attorney was admitted pro hac vice in this case on January 14, 2014 (Dkt. 9), Plaintiff has still not filed a response to Defendant's Motion to Dismiss or Motion for Summary Judgment. As the time for response has long since passed, the Court will now dispose of this motion as being unopposed.

I. Background

This case arises from circumstances surrounding the default and foreclosure of Plaintiff's residence in Laredo, Texas. (Dkt. 1-3, ¶ 6.) According to Plaintiff's Original Petition, filed in state court, Plaintiff owned property at 1235 Whisper Hills Drive in Laredo, Texas. At some point, Plaintiff fell behind on her mortgage payments. (Dkt 1-3, ¶ 7.) According to Plaintiff, on June 21, 2013, she received a letter informing her that her mortgage had been referred to foreclosure. (Dkt. 1-3, ¶ 8.) Although Plaintiff does not attach a copy of the letter, she asserts that the letter informed her that Wells Fargo would provide "an opportunity to keep your home or prevent foreclosures" and that it would continue to "work with" plaintiff to help her avoid foreclosure. Id. The letter also allegedly stated that Defendant would not schedule a foreclosure sale if Plaintiff sent them a "completed application, either in response to this letter or as an appeal for a denial, within 30 days of the date of this letter." Id.

Plaintiff asserts that she filed an application and that a Wells Fargo representative informed her by phone that the application had been received. (Dkt. 1-3, ¶ 9.) According to Plaintiff, she was told not to send in any payments during the time that loan assistance was being considered. (Dkt. 1-3, ¶ 11.) Plaintiff indicates that she was told that the foreclosure

sale scheduled for October 2013 would be pushed back, but she never received confirmation. (Dkt. 1-3, ¶ 12.) Plaintiff states that she made several unsuccessful attempts to contact her Wells Fargo representative and that, when she finally made contact, he indicated that he had unsuccessfully tried to call Plaintiff on September 26, 2013. (Dkt. 1-3, ¶ 13.) Plaintiff alleges that she checked her phone records and that Defendant's representative never called her. (Dkt. 1-3, ¶ 14.) Plaintiff then received a letter from a Wells Fargo representative stating that her request for temporary assistance had been denied because she withdrew her request. (Dkt. 1-3, ¶ 15.) Plaintiff denies having withdrawn the request. (Dkt. 1-3, ¶ 16.)

Plaintiff also adds that an agent of the Defendant made "presentations [sic] to Plaintiff [. . .] that put her at ease that her home would not be foreclosed on and failed to provide information that only defendant controlled that would have made compliance possible." (Dkt. 1-3, ¶ 17.) As a result of these events, Plaintiff makes claims for wrongful foreclosure, violations of the Texas Debt Collection Act and Texas Deceptive Trade Practices Act, and breach of contract. (Dkt. 1-3, ¶¶ 23-29.)

II. Discussion

A) *Standard of Review*

Defendant has filed this Motion as a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or, alternatively, as a Motion for Summary Judgment under Federal Rule of Civil Procedure 56. (Dkt. 4.) According to the Fifth Circuit, "[i]t is well known that when 'matters outside the pleading' are presented with a motion to dismiss under Rule 12(b)(6), a district court has complete discretion to either accept or exclude the evidence." General Retail Services, Inc. v. Wireless Toyz Franchize, LLC, 255 F. App'x 775, 783 (5th Cir. 2007) (citing Isquith v. Middle S. Utils., Inc., 847 F.2d 186, 193 (5th Cir. 1988)) (unpublished but persuasive). However, if the Court does consider the evidence, the motion generally converts to a motion for summary judgment. Id. In this instance, the Court will exercise its discretion to exclude the evidence offered outside the pleadings and treat the Motion as one under Rule 12(b)(6).[1]

---

[1] Plaintiff failed to respond to the Motion for Summary Judgment setting forth evidence showing "specific facts showing a genuine issue for trial." See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). As a result, if this Court were to exercise its discretion and treat the Motion as one for Summary Judgment, the Court would be allowed to accept Defendants' facts as undisputed. Solo Serve Corp. v. Westowne Assocs., 929 F.2d 160, 165 (5th Cir. 1991). However, since the Court finds that all of these claims may be dismissed under Rule 12(b)(6), viewing as true all well-pleaded factual allegations in the complaint, it is unnecessary to review the Motion as one for Summary Judgment.

The Federal Rules of Civil Procedure allow dismissal of a claim where a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded factual allegations in the complaint and determines whether that complaint states a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. Plausibility requires "more than a sheer possibility," but less than a probability that the misconduct has occurred. Id.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (alterations and quotations in original; internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. 1937 at 1940 (citation omitted). However, a well-pleaded complaint can

survive a motion to dismiss even if actual proof of the facts alleged is "improbable." Twombly, 127 S.Ct. at 1965.

### B) The Texas Debt Collection Act

The Plaintiff first states a cause of action under the Texas Debt Collection Act ("TDCA"). The TDCA makes it unlawful for a debt collector to engage in certain enumerated practices, including "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding[.]" Tex. Fin. Code Ann. §392.304(a)(8). A claim of misrepresentation under this provision requires that the defendant have made a "false or misleading assertion." Massey v. EMC Mortg. Corp., 546 F. App'x 477, 480 (5th Cir. 2013) (unpublished but persuasive). In addressing foreclosure-related claims, the Fifth Circuit has found that there is no claim of TDCA misrepresentation where Plaintiffs "always were aware (i) that they had a mortgage debt; (ii) of the specific amount that they owed; (iii) and that they had defaulted." Miller v. BAC Home Loans Servicing, L.P., 726 F.3d 717, 723 (5th Cir. 2013). Further, "discussions regarding loan modification or a trial payment plan […] are not representations, or misrepresentations, of the amount or character of a debt." Massey, 546 F. App'x at 481 (internal quotations omitted).

Plaintiff does not allege facts indicating that Wells Fargo misrepresented the character, extent, or amount of Plaintiff's debt, or that Wells Fargo misrepresented Plaintiff's debt status in a judicial or governmental proceeding.  Plaintiff's factual assertions claim that, during the course of loan modification discussions, Defendant indicated that Plaintiff might be able to avoid foreclosure.  (Dkt. 1-3, ¶8.)  Plaintiff also states that Defendant's agent falsely told her that she had withdrawn her application for loan modification.  (Dkt. 1-3, ¶15.)  Further, Plaintiff alleges that Defendant's agent informed her that the foreclosure sale of October 1, 2013 would not take place.  (Dkt. 1-3, ¶17.)

These facts, viewed as true, are not sufficient to raise a claim for relief under the TDCA.  The Defendant's initial letter to Plaintiff, indicating that she might be able to avoid foreclosure, constitutes a discussion regarding loan modification and is not a representation or misrepresentation of the amount of a debt.  See Massey, 546 F. App'x at 480.  Similarly, Defendant's statement that Plaintiff had withdrawn her loan modification application, even if the statement of withdrawal was false, is merely a discussion regarding loan modification, not a representation about the amount or character of the debt.  See id.  Finally, even Defendant's assurances that the foreclosure sale would not take place are not

7/15

misrepresentations under the TDCA. See Miller, 726 F.3d at 723 (holding Plaintiffs did not state a TDCA claim where they alleged that Defendants proceeded with foreclosure despite promise to delay). At all times, Plaintiff knew that she had a mortgage debt, the amount that she owed, and that she had defaulted. The alleged misrepresentations do not constitute a claim under the TDCA and accordingly must be DISMISSED.

C) <u>Texas Deceptive Trade Practices Act</u>

A violation of the TDCA is a "deceptive trade practice" under the DTPA. Tex. Fin. Code § 392.404. Since, as stated above, Plaintiff fails to state a claim under the TDCA, Plaintiff's DTPA claim, insofar as it depends on the TDCA, must fail. Additionally, Plaintiff alleges that Defendant violated the DTPA when it represented "that its agreement conferred or involved rights, remedies, or obligations which it did not have or involve, or which are prohibited by law[.]" Tex. Bus. & Comm. Code § 17.46(b)(12). Plaintiff alleges that Defendant falsely represented to her "that it had a right to have title and possession to the premises" and that "if she made the required payment […] then she would have title and possession of the premises[.]" (Dkt. 1-3, ¶ 28.)

In order to state a claim under the Texas Deceptive Trade Practices Act, Plaintiff must be a consumer. Miller, 726 F.3d at 724 (citation omitted). A mortgagor is not a "consumer"

8/15

under the DTPA where a claim is based entirely on an attempted modification of an existing loan. Id. at 725; see also Ayers v. Aurora Loans Servs., LLC, 787 F.Supp.2d 451, 455 (E.D. Tex. 2011) ("[T]he alleged loan modification was not part of the financing scheme to acquire a house. It is an entirely separate and distinct transaction, sought after the purchase of the house was complete.")

Plaintiff's Petition asserts, without further elaboration, that "[a]t the time of the transaction which gives rise to this lawsuit Plaintiff was a consumer as defined in the Texas Business and Commerce Code." (Dkt. 1-3, ¶ 27.) However, Plaintiff alleges no facts that would support consumer status. Plaintiff's claims are based solely on an attempt to modify the loan after default. There is no indication that Plaintiff's claims are based on an attempt to acquire a new good or service. Because Plaintiff cannot demonstrate consumer status, her claim under the DTPA must be DISMISSED pursuant to Rule 12(b)(6).

D) Breach of Contract

Plaintiff alleges "that Defendant's non judicial [sic] foreclosure of the lien was not in accordance with the terms of the contract." (Dkt 1-3, ¶ 30.) Plaintiff does not articulate which contract Defendant allegedly breached. The Plaintiff also does not allege what terms of the contract Defendant allegedly breached. Plaintiff may refer to the Deed of Trust that formed

9/15

the loan, although she did not quote the Deed of Trust in the Petition.  Plaintiff may also intend to refer to an oral contract created by the parties during their loan modification discussions.  In either case, the Plaintiff fails to state a claim upon which relief can be granted.

In Texas, "the essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." Mullins v. TestAmerica, Inc., 564 F.3d 386, 418 (5th Cir. 2009) (internal citations omitted).  A Plaintiff who is herself in breach, however, cannot sue for the defendant's later breach.  Dobbins v. Redden, 785 S.W.2d 377, 378 (Tex. 1990).  Additionally, under the Texas statute of frauds, a "loan agreement in which the amount involved […] exceeds $50,000 in value is not enforceable unless the agreement is in writing[.]"  Tex. Bus. & Com. Code Ann. § 26.02(b).

If Plaintiff bases her claim on breach of the original Deed of Trust, her claim must fail, because she admits to being in default to the original contract.  (Dkt. 1-3, ¶ 7.)  As stated above, Plaintiff cannot maintain a claim for breach of contract when she herself was in default before the defendant's alleged breach occurred.  See Dobbins.

10/15

If Plaintiff bases her claim on breach of an oral agreement supposedly formed during loan modification discussions, her claim must also fail, since any such agreement would be unenforceable under the Texas statute of frauds. The loan in question was for a sum of greater than $50,000.[2] (Dkt. 4-3 at p. 1.) See Gordon v. JPMorgan Chase Bank, N.A., 505 F. App'x 361, 364 (5th Cir. 2013) (an oral agreement to modify a mortgage loan of greater than $50,000 was not enforceable, because it did not comply with the Texas statute of frauds). This claim must also be DISMISSED.

E) Wrongful Foreclosure

Plaintiff asserts "that the foreclosure sale of her property on October 1, 2013, was wrongful and should be declared null and void in that an agent of the defendant had made presentations [sic] to the Plaintiff and the Plaintiff relied on and that put her at ease that her home would not be foreclosed on[.]" (Dkt. 1-3, ¶ 17.) This statement constitutes the entirety of Plaintiff's claim of wrongful foreclosure. Plaintiff does not

---

[2] Although the sum of the loan is not found in the Plaintiff's Petition, the Plaintiff mentions the mortgage, and it is central to her Petition. Therefore, this Court may consider it in a Motion to Dismiss under 12(b)(6). The mortgage reflects an amount of $101,408.00. (Dkt. 4-3 at p. 1.) See Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 499 (5th Cir. 2000) (stating that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim... In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated.").

cite the elements for wrongful foreclosure, and Plaintiff does not cite facts that would support such a claim.

In Texas, "a debtor may recover for wrongful foreclosure when an irregularity in the foreclosure sale contributes to recovery of an inadequate price of the property." Smith v. Wells Fargo Bank, N.A., 2013 WL 3324195, at *7 (N.D. Tex. June 28, 2013) (citing Am. Sav. & Loan Ass'n of Houston v. Musick, 531 S.W.2d 581, 587 (Tex. 1975)). "The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." Id. (quoting Pollett v. Aurora Loan Servs., 455 F. App'x 413, 415 (5th Cir. 2011)). Further, "[a] claim for 'wrongful foreclosure' is not available based merely on showing a defect in the foreclosure process; it is also necessary that there be an inadequate selling price resulting from the defect." Id. (citing Biggers v. BAC Home Loans Servicing, L.P., 767 F.Supp.2d 725, 729 (N.D. Tex. 2011)).

Plaintiff's Petition, read generously, asserts that the foreclosure sale proceedings were defective because Defendant failed to provide Plaintiff with required information that would have made compliance possible. (Dkt. 1-3, ¶ 17). Plaintiff also states that "Plaintiff would further show that Defendant's foreclosure sale of Plaintiff's home to Defendant, was for a

grossly inadequate consideration." (Dkt. 1-3, ¶ 21.) However, Plaintiff does not even state the amount of the foreclosure price, and therefore does not show how the price was grossly inadequate. Further, Plaintiff provides no connection between any inadequate selling price and the alleged defect of failing to provide notice to the Plaintiff. Therefore, Plaintiff has not stated a claim for wrongful foreclosure, and it must be DISMISSED.

F) <u>Attorneys' Fees and Temporary Injunctive Relief</u>

"The award of attorneys' fees is governed by the law of the state whose substantive law is applied to the underlying claims." <u>Kona Tech. Corp. v. Southern Pacific Transp. Co.</u>, 225 F.3d 595, 614 (5th Cir. 2000). Under Texas law, a party may recover attorneys' fees when such recovery is provided by statute or by contract. <u>In re Velazquez</u>, 660 F.3d 893, 895-96 (5th Cir. 2011).

To recover attorneys' fees, Plaintiffs must prevail on a cause of action for which attorneys' fees are recoverable. See <u>Green Int'l, Inc. v. Solis</u>, 951 S.W.2d 384, 390 (Tex. 1997). Because Plaintiff has failed to state any claim upon which relief can be granted, she may not recover attorneys' fees. Similarly, Plaintiff's request for a temporary injunction is also denied. Under Texas law, where a plaintiff fails to state an underlying viable cause of action, a request for injunctive relief is

13/15

fatally flawed. <u>Silver Gryphone, L.L.C. v. Bank of America NA</u>, 2013 WL 6195484, at *7 (S.D. Tex. Nov. 27, 2013). Therefore, claims for both attorneys' fees and temporary injunctive relief must be DISMISSED.

G) <u>Defendant's Claims for Attorneys' Fees</u>

Defendant Wells Fargo claims rights to attorneys' fees under Section 7 of the Deed of Trust. In that Section, the Deed of Trust states that:

> If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then the Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.
>
> Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument.

(Dkt. 4-3, ¶ 7.) However, Section 7 of the Deed of Trust does not explicitly provide for attorneys' fees. Section 7 internally references Paragraph 2, which also does not mention attorneys' fees. Accordingly, Defendant is not entitled to attorneys' fees in this case. <u>Compare</u> <u>Pairis v. Wells Fargo Bank, N.A.</u>, 2013 WL 5439904, at *3 (S.D. Tex. Sept. 27, 2013) (Defendant's attorneys' fees denied where proffered Deed of trust did not mention attorneys' fees), <u>with</u> <u>In re Velasquez</u>,

14/15

660 F.3d at 899 (Defendant's attorneys' fees awarded where the contract explicitly stated that the Lender may recover "attorneys' fees to protect its interest in the property[…]"). This claim shall be DENIED.

### III. Conclusion

For the foregoing reasons, Defendant Wells Fargo Bank's Motion to Dismiss Pursuant to Rule 12(b)(6) or, alternatively, Motion for Summary Judgment pursuant to Rule 56 (Dkt. 4) is GRANTED as to all claims pursuant to Rule 12(b)(6). Defendant's request for attorneys' fees is DENIED.

DONE at Laredo, Texas, this 9th day of May, 2014.

_____
George P. Kazen
Senior United States District Judge